JUDGE McKENNA

06 CV 869

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARK B. SMITH, INC., Plaintiff, -against- CHF INDUSTRIES, INC., Defendant. | Case No. COMPLAINT AND JURY DEMAND |

RECEIVED FEB 03 2006 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff PARK B. SMITH, INC., by its attorneys, Baker & McKenzie LLP, as and for its Complaint against Defendant CHF INDUSTRIES, INC. ("CHF") alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 United States Code. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338.

2. This Court has personal jurisdiction over Defendant CHF because Defendant is found in this judicial district, transacts business, does business and solicits business in the State of New York, within this judicial district and elsewhere, and because Defendant is committing and has committed acts of infringement in the State of New York.

3. Venue is proper under 28 U.S.C. §§ 1400(b), 1391(b) and (c) as the claims arose in this judicial district and Defendant resides, does business in and may be found, along with its agents, in this District and Defendant has committed acts of infringement herein.

## THE PARTIES

4. Plaintiff Park B. Smith, Inc. is a corporation duly organized and existing under the laws of the State of New York and with its principal place of business at 295 Fifth Avenue, New York, New York 10016. Park B. Smith, Inc. is the owner of the patents-in-suit identified in paragraphs 6-9 below, and markets and sells custom home décor throughout the United States and internationally.

5. Upon information and belief, Defendant CHF is a corporation organized and existing under the laws of the State of Delaware and with its principal place of business at One Park Avenue, 9th Floor, New York, New York 10016. CHF is a marketer and manufacturer of home fashion products that are sold mainly to retail stores throughout the United States.

## THE TWO PATENTS-IN-SUIT

6. The two patents-in-suit cover the ornamental design for a window blind and contain substantially similar claims and drawings.

7. United States Design Patent No. D493,651 S (the " '651 Patent") was duly and lawfully issued on August 3, 2004, based upon an application filed by the inventors, Park B. Smith and Linda Johnson. A copy of the '651 Patent is attached hereto as Exhibit A.

8. United States Design Patent No. D505,039 S (the " '039 Patent") was duly and lawfully issued on May 17, 2005, based upon an application filed by the inventors, Park B. Smith and Linda Johnson. A copy of the '039 Patent is attached hereto as Exhibit B.

9. Park B. Smith, Inc. is the owner by assignment of the '651 Patent and the '039 Patent (collectively, "the Patents") and has the right to sue, and recover damages, for infringement thereof.

## GENERAL ALLEGATIONS

10. Park B. Smith, Inc. is engaged in the business of designing, selling and importing a variety of textile products used to decorate residential interiors including placemats, napkins, table runners, shower curtains, rugs, beddings, window treatment and curtains.

11. In addition to being regarded as a highly esteemed purveyor of a variety of interior and home furnishings and accessories, Park B. Smith, Inc. is one of the leading resources for select window treatments.

12. Defendant CHF is a marketer and manufacturer of home fashion products that are sold mainly to retail stores throughout the United States.

13. Upon information and belief, Defendant CHF has manufactured, sold and offered for sale, in this judicial district and elsewhere, various soft shade window treatment products identified as the "Pole-Top Roman Shade" that infringe the claims of the Patents. A copy of the cardboard insert included in the Pole Top Roman Shade packaging is attached hereto as Exhibit C.

14. Upon information and belief, Defendant CHF sells and offers for sale the products identified as the Pole-Top Roman Shade to retail stores throughout the United States.

## COUNT I

### (Patent Infringement)

15. Park B. Smith, Inc. repeats and realleges each and every allegation contained in paragraphs 1 through 14 above with the same force and effect as if fully set forth herein.

16. Upon information and belief, Defendant CHF has been and is now infringing the the '651 Patent and the '039 Patent by manufacturing, selling and undertaking substantial preparations for offering to sell the Pole-Top Roman Shade.

17. Upon information and belief, Defendant CHF has been aware of the existence of, but nevertheless has been and is infringing, these Patents.

18. Upon information and belief, the infringement of the Patents by Defendant CHF has been willful and deliberate and in total disregard for Plaintiff's lawful rights under these patents, thus rendering this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

19. Upon information and belief, Defendant CHF's infringement of the Patents has allowed Defendant to reap tremendous profits and Defendant's infringement has caused, and will continue to cause, Plaintiff great and irreparable harm.

20. Plaintiff Park B. Smith, Inc. has been damaged, and will continue to be damaged, by CHF's infringement of the Patents.

**COUNT II**

**(Injunctive Relief)**

21. Park B. Smith, Inc. repeats and realleges each and every allegation contained in paragraphs 1 through 20 above with the same force and effect as if fully set forth herein.

22. Upon information and belief, Defendant has undertaken substantial activity directed towards engaging in infringement of the Patents by manufacturing, selling and undertaking substantial preparations for offering to sell the Pole-Top Roman Shade.

23. Upon information and belief, Defendant CHF has for some time had actual knowledge of the Patents, but nevertheless has been and is now engaged in substantial activities directed toward infringing these Patents.

24. Defendant's acts have already caused, and unless restrained and enjoined, will continue to cause Plaintiff irreparable injury, harm and damage for which Plaintiff has no adequate remedy at law. Therefore, Defendant should be enjoined pursuant to 35 U.S.C. § 283.

**JURY DEMAND**

25. Plaintiff hereby demands trial by jury as to all claims and defenses in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Park B. Smith, Inc. prays for judgment against Defendant as follows:

(1) Permanently enjoining Defendant – together with each of its affiliates, subsidiaries, officers, agents, servants, employees, and attorneys, and all persons in active concern or participation with any of them who receive actual notice of this Court's order by personal service or otherwise from infringing the Patents in any manner;

(2) Requiring Defendant to file and serve on Park B. Smith, Inc., within 30 days after service of an injunction, a written report under oath setting forth in detail Defendant's compliance with the injunction;

(3) For a judicial determination and declaration that Defendant has infringed the Patents;

(4) For a judicial determination and declaration that because Defendant's infringement of the Patents is willful and deliberate, this is an exceptional case under 35 U.S.C. § 285;

(5) For an order requiring Defendant to account for the sales and profits related to the sale of the Pole-Top Roman Shade;

(6) For an award, to be determined at trial, of damages adequate to compensate Park B. Smith, Inc. for Defendant's infringement and Plaintiff's costs, but in no event less than a reasonable royalty – plus pre-judgment and post-judgment interest – and for such damages to be trebled, pursuant to 35 U.S.C. § 284.

(7) For an award of Plaintiff's reasonable attorneys' fees and expenses, pursuant to 35 U.S.C. § 285.

(8) For such other and further relief as this Court may deem just and proper.

Dated: New York, New York.
February 3, 2006

BAKER & McKENZIE LLP

By: ______________________

Richard A. De Palma (RD 2818)
Kathryn M. Ryan (KR 8359)
Lindsay A. Bush (LB 0391)
1114 Avenue of the Americas
New York, NY 10036
(212) 626 4100

Attorneys for Plaintiff
Park B. Smith, Inc.