IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARK B. SMITH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHF INDUSTRIES, INC.,<br><br>Defendant. | Case No. 06 CV 869 (LMM) (JCF) |

**ANSWER AND COUNTERCLAIMS OF DEFENDANT CHF INDUSTRIES, INC. TO PLAINTIFF PARK B. SMITH, INC.'S COMPLAINT AND JURY DEMAND**

Pursuant to Rules 8 and 12 of the Federal Rule of Civil Procedure, Defendant/ Counterclaim Plaintiff CHF Industries, Inc. (hereinafter "CHF") answers the Complaint and Jury Demand of Plaintiff Park B. Smith, Inc. (hereinafter "PBS") in Civil Action No. 06 CV 869 (LMM) as follows:

1. CHF admits that this action purports to be an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, and that the Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, but otherwise denies the remaining allegations of paragraph 1.

2. CHF admits that its principal place of business is in this Judicial District, that it transacts and otherwise does business in this Judicial District and in the State of New York, and

that this Court has personal jurisdiction over CHF, but otherwise denies the remaining allegations of paragraph 2.

3. CHF admits that it resides, does business, and may be found, along with its agents, in this Judicial District, that it resides in this Judicial District as the term "reside" is defined in Title 28, United States Code, Section 1391(c), that PBS's claims purport to have arisen in this Judicial District, and that venue is proper with respect to CHF in this Judicial District pursuant to Title 35, United States Code, Sections 1391(b) and (c) and 1400(b), but CHF denies that it has committed acts of infringement, or is committing acts of infringement, of either of the patents-in-suit, in this Judicial District, or anywhere in the United States, and otherwise denies the remaining allegations of paragraph 3.

4. CHF is without information or knowledge sufficient to form a belief as to the truth of paragraph 4, and therefore the allegations of paragraph 4 are denied.

5. CHF admits that it is incorporated in Delaware, that its principal place of business is at One Park Avenue, 9th Floor, New York, New York 10016, and that it markets and distributes home fashion textile products to major retailers in the United States, but CHF otherwise denies the remaining the allegations of paragraph 5.

6. CHF admits that United States Design Patent No. D493,651 S ("the '651 patent") purports to claim an ornamental design for a window shade and that United States Design Patent No. D505,039 S ("the '039 patent") purports to claim an ornamental design for a raisable panel. The remaining allegations of paragraph 6 are too vague and indefinite for CHF to reasonably frame a response, and CHF is without knowledge or information sufficient to form a belief as to the truth of such allegations, which are hereby denied.

7. CHF admits that the United States Patent and Trademark Office issued the ‘651 patent on August 3, 2004, and that a copy of the ‘651 patent is attached to PBS's Complaint as Exhibit A. CHF denies that the ‘651 patent was duly and legally issued, and CHF is without information or knowledge sufficient to form a belief as to the truth of the remaining matters alleged in paragraph 7, and therefore the remaining allegations of paragraph 7 are denied.

8. CHF admits that the United States Patent and Trademark Office issued the ‘039 patent on May 17, 2005, and that a copy of the ‘039 patent is attached to PBS's Complaint as Exhibit B. CHF denies that the ‘039 patent was duly and legally issued, and CHF is without information or knowledge sufficient to form a belief as to the truth of the remaining matters alleged in paragraph 8, and therefore the remaining allegations of paragraph 8 are denied.

9. CHF admits that the ‘651 patent and the ‘039 patent identify Park B. Smith, Inc. as the assignee of those patents, but CHF is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 9, and therefore those allegations are denied.

10. CHF is without information or knowledge sufficient to form a belief as to the truth of paragraph 10, and therefore the allegations of paragraph 10 are denied.

11. PBS's allegation that it is "one of the leading resources for select window treatments" is too vague and indefinite for CHF to reasonably frame a response thereto. To the extent that CHF comprehends that allegation, it is without information or knowledge sufficient to form a belief as to its truth. In addition, CHF is without information or knowledge sufficient to form a belief as to the truth of the remainder of paragraph 11, and, therefore, all of the allegations of paragraph 11 are denied.

12. CHF admits that it markets and distributes home fashion textile products to major retailers in the United States, but CHF otherwise denies the remainder of the allegations of paragraph 12.

13. CHF admits that the item attached as Exhibit C to PBS's Complaint purports to be a copy of a cardboard insert that is included with the Empire Silk Pole-Top Roman Shade that is offered for sale and sold by CHF, but CHF denies that this item, or the product with which it is packaged, infringes the '651 patent or the '039 patent. CHF admits that it has offered for sale and sold within the United States a product identified as an Empire Silk Pole-Top Roman Shade, but CHF denies that its offer for sale or sale of such product infringes the '651 patent or the '039 patent. CHF also denies the remaining allegations of paragraph 13, including, in particular, the allegation that products offered for sale and sold by CHF in the United States identified as "Pole-Top Roman Shade" infringe the claims of the '651 patent or the '039 patent.

14. CHF admits that it offers for sale and sells products identified as "Pole-Top Roman Shade" to retailers in the United States, but CHF denies that its offer for sale or sale of such products infringes the claims of the '651 patent or the '039 patent.

15. CHF repeats and incorporates herein its responses to paragraphs 1 through 14 above as though they were set forth fully herein.

16. CHF repeats and incorporates herein its responses to paragraphs 1 through 15 above as though they were set forth fully herein, and CHF denies the allegations of paragraph 16.

17. CHF denies that it has infringed, or that it is infringing, the '651 patent or the '039 patent. The remaining allegations of paragraph 17 are too vague and indefinite for CHF to reasonably frame a response and are therefore denied.

18. CHF denies the allegations of paragraph 18.

19. CHF denies the allegations of paragraph 19.

20. CHF denies the allegations of paragraph 20.

21. CHF repeats and incorporates herein its responses to paragraphs 1 through 20 above as though they were set forth fully herein.

22. CHF denies the allegations of paragraph 22.

23. CHF denies that it has infringed, or is infringing, the '651 patent or the '039 patent, and denies that it has been or is now engaged in activities directed toward infringing those patents. The remaining allegations of paragraph 23 are too vague and indefinite for CHF to reasonably frame a response and are therefore denied.

24. CHF denies the allegations of paragraph 24.

25. CHF admits that paragraph 25 purports to demand a trial by jury as to all claims and defenses in this action, and CHF demands a trial by jury as to all claims, affirmative defenses, and counterclaims triable of right by a jury in this action.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

26. The Complaint and Jury Demand of PBS fails to state facts sufficient to constitute a claim upon which relief may be granted.

### Second Affirmative Defense

27. CHF has not infringed the '651 patent, either literally or under the doctrine of equivalents.

### Third Affirmative Defense

28. CHF has not infringed the '039 patent, either literally or under the doctrine of equivalents.

Fourth Affirmative Defense

29. The '651 patent is invalid for failure to comply with the provisions of Title 35, United States Code, Section 102 on the grounds that:

(a) the alleged invention claimed therein was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the named inventors;

(b) the alleged invention claimed therein was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States;

(c) the alleged invention claimed therein was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the named inventors;

(d) the named inventors did not invent the subject matter sought to be patented; or

(e) before the named inventors' alleged invention thereof, the alleged invention claimed therein was made in this country by another who had not abandoned, suppressed, or concealed it.

Fifth Affirmative Defense

30. The '039 patent is invalid for failure to comply with the provisions of Title 35, United States Code, Section 102 on the grounds that:

(a) the alleged invention claimed therein was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the named inventors;

(b) the alleged invention claimed therein was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States;

(c) the alleged invention claimed therein was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the named inventors;

(d) the named inventors did not invent the subject matter sought to be patented; or

(e) before the named inventors' alleged invention thereof, the alleged invention claimed therein was made in this country by another who had not abandoned, suppressed, or concealed it.

Sixth Affirmative Defense

31. The '651 patent is invalid under the provisions of Title 35, United States Code, Section 103, on the grounds that the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious at the time the claimed invention was made to a person having ordinary skill in the art to which the claimed invention pertains.

Seventh Affirmative Defense

32. The '039 patent is invalid under the provisions of Title 35, United States Code, Section 103, on the grounds that the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious at the time the claimed invention was made to a person having ordinary skill in the art to which the claimed invention pertains.

Eighth Affirmative Defense

33. The '651 patent is invalid for failure to comply with the provisions of Title 35, United States Code, Section 112, second paragraph, on the grounds that the drawings and description of the alleged invention fail to particularly point out and distinctly claim the subject matter that the applicants regarded as their invention.

Ninth Affirmative Defense

34. The '039 patent is invalid for failure to comply with the provisions of Title 35, United States Code, Section 112, second paragraph, on the grounds that the drawings and description of the alleged invention fail to particularly point out and distinctly claim the subject matter that the applicants regarded as their invention.

Tenth Affirmative Defense

35. The '651 patent is invalid for failure to comply with the provisions of Title 35, United States Code, Section 171, on the grounds that the claimed design is primarily functional, not ornamental, and therefore is directed to nonstatutory subject matter for a design patent.

Eleventh Affirmative Defense

36. The '039 patent is invalid for failure to comply with the provisions of Title 35, United States Code, Section 171, on the grounds that the claimed design is primarily functional, not ornamental, and therefore is directed to nonstatutory subject matter for a design patent.

Twelfth Affirmative Defense

37. After receiving notice of the '651 patent, CHF has acted, based on advice of counsel, in the good faith belief that the '651 patent is invalid.

Thirteenth Affirmative Defense

38. After receiving notice of the '039 patent, CHF has acted, based on advice of counsel, in the good faith belief that the '039 patent is invalid.

COUNTERCLAIMS

FIRST COUNTERCLAIM

1. Defendant/Counterclaim Plaintiff CHF Industries, Inc. (hereinafter "CHF") re-alleges and incorporates herein (a) its responses to the allegations of paragraphs 1-25 of PBS's Complaint and Jury Demand, and (b) the affirmative defenses recited by CHF at paragraphs 26-38 of the Answer to which these Counterclaims are appended. This First Counterclaim is asserted in Civil Action No. 06 CV 869 (LMM) against Plaintiff/Counterclaim Defendant Park B. Smith, Inc. (hereinafter "PBS") by CHF and arises under the Declaratory Judgment Act, Title 28, United States Code, Sections 2201(a) and 2202 and under Title 28, United States Code, Sections 1331 and 1338(a). There is a case of actual controversy concerning the alleged infringement of U.S. Design Patent No. D493,651 S ("the '651 patent"), as set forth in the Complaint and Jury Demand filed by PBS in this action and in the above Answer of CHF to which these Counterclaims are appended.

2. This Court has subject matter jurisdiction over this counterclaim pursuant to the Declaratory Judgment Act, Title 28, United States Code, Sections 2201(a) and 2202 and Title 28 of the United States Code, Sections 1331 and 1338(a).

3. This Court has personal jurisdiction over PBS with respect to these Counterclaims based on PBS's assertion in its Complaint and Jury Demand that it has its principal place of business in this Judicial District at 295 Fifth Avenue, New York, New York

10016, and PBS's filing of its Complaint and Jury Demand in this Court, by which PBS has submitted itself to the personal jurisdiction of this Court.

4. Venue for these Counterclaims lies in this Judicial District under Title 28 of the United States Code, Sections 1391(b) and (c), and 1400(b), on the grounds that: (a) PBS resides in this Judicial District; (b) PBS has a regular and established place of business in this Judicial District; and (c) by filing its Complaint and Jury Demand in this Court, PBS has submitted itself to the personal jurisdiction and venue of this Court.

5. On August 3, 2004, the United States Patent and Trademark Office issued the '651 patent, which named Park B. Smith and Linda Johnson as inventors and Park B. Smith, Inc. as the assignee.

6. PBS claims to be the owner of the '651 patent, and to have the right to sue and recover damages for infringement of the '651 patent.

7. PBS has asserted that CHF manufactured, sold, and offered for sale, in this judicial district and elsewhere, various soft shade window treatment products identified as "Pole-Top Roman Shade," and that said products allegedly infringe the '651 patent.

8. CHF has not infringed, and is not infringing, the '651 patent.

9. Therefore, there exists a case of actual controversy between the parties as to the infringement of the '651 patent with respect to which CHF requests a declaratory judgment of non-infringement of the '651 patent in its favor.

<u>SECOND COUNTERCLAIM</u>

10. CHF re-alleges and incorporates herein (a) its responses to the allegations of paragraphs 1-25 of PBS's Complaint and Jury Demand, (b) the affirmative defenses recited by

CHF at paragraphs 26-38 of the Answer to which these Counterclaims are appended, and (c) paragraphs 1-9 of the First Counterclaim set forth above.

11. This Second Counterclaim is asserted in Civil Action No. 06 CV 869 (LMM) against PBS by CHF and arises under the Declaratory Judgment Act, Title 28, United States Code, Sections 2201(a) and 2202 and under Title 28, United States Code, Sections 1331 and 1338(a). There is a case of actual controversy concerning the alleged infringement of U.S. Design Patent No. D505,039 S ("the '039 patent"), as set forth in the Complaint and Jury Demand filed by PBS in this action and in the above Answer to which these Counterclaims are appended.

12. This Court has subject matter jurisdiction over this counterclaim pursuant to the Declaratory Judgment Act, Title 28, United Stated Code, Sections 2201(a) and 2202 and Title 28, United States Code, Sections 1331 and 1338(a).

13. On May 17, 2005, the United States Patent and Trademark Office issued the '039 patent, which named Park B. Smith and Linda Johnson as inventors and Park B. Smith, Inc. as the assignee.

14. PBS claims to be the owner of the '039 patent, and to have the right to sue and recover damages for infringement of the '039 patent.

15. PBS has asserted that CHF manufactured, sold, and offered for sale, in this judicial district and elsewhere, various soft shade window treatment products identified as "Pole-Top Roman Shade," and that said products allegedly infringe the '039 patent.

16. CHF has not infringed, and is not infringing, the '039 patent.

17. Therefore, there exists a case of actual controversy between the parties as to the infringement of the '039 patent with respect to which CHF requests a declaratory judgment of non-infringement of the '039 patent in its favor.

THIRD COUNTERCLAIM

18. CHF re-alleges and incorporates herein (a) its responses to the allegations of paragraphs 1-25 of PBS's Complaint and Jury Demand, (b) the affirmative defenses recited by CHF at paragraphs 26-38 of the Answer to which these Counterclaims are appended, (c) paragraphs 1-9 of the First Counterclaim set forth above, and (d) paragraphs 10-17 of the Second Counterclaim set forth above.

19. This Third Counterclaim is asserted in Civil Action No. 06 CV 869 (LMM) against PBS by CHF and arises under the Declaratory Judgment Act, Title 28, United States Code, Sections 2201(a) and 2202 and under Title 28, United States Code, Sections 1331 and 1338(a). There is a case of actual controversy concerning the validity of the '651 patent, as set forth in the Complaint and Jury Demand filed by PBS in this action and in the above Answer to which these Counterclaims are appended.

20. This Court has subject matter jurisdiction over this counterclaim pursuant to the Declaratory Judgment Act, Title 28, United Stated Code, Sections 2201(a) and 2202 and Title 28, United States Code, Sections 1331 and 1338(a).

21. PBS has asserted that the '651 patent was duly and lawfully issued on August 3, 2004.

22. On information and belief, the '651 patent is invalid and void under the provisions of Title 35, United States Code, Sections 102, 103, 112, and 171, on the grounds set forth in the Affirmative Defenses of the Answer to which this Counterclaim is appended, all of which are incorporated herein by reference.

23. Therefore, there exists a case of actual controversy between the parties as to the validity of the '651 patent with respect to which CHF requests a declaratory judgment of invalidity of the '651 patent.

## FOURTH COUNTERCLAIM

24. CHF re-alleges and incorporates herein (a) its responses to the allegations of paragraphs 1-25 of PBS's Complaint and Jury Demand, (b) the affirmative defenses recited by CHF at paragraphs 26-38 of the Answer to which these Counterclaims are appended, (c) paragraphs 1-9 of the First Counterclaim set forth above, (d) paragraphs 10-17 of the Second Counterclaim set forth above, and (e) paragraphs 18-23 of the Third Counterclaim set forth above.

25. This Fourth Counterclaim is asserted in Civil Action No. 06 CV 869 (LMM) against PBS by CHF and arises under the Declaratory Judgment Act, Title 28, United States Code, Sections 2201(a) and 2202 and under Title 28, United States Code, Sections 1331 and 1338(a). There is a case of actual controversy concerning the validity of the '039 patent, as set forth in the Complaint and Jury Demand filed by PBS in this action, and in the above Answer to which these Counterclaims are appended.

26. This Court has subject matter jurisdiction over this counterclaim pursuant to the Declaratory Judgment Act, Title 28, United Stated Code, Sections 2201(a) and 2202 and Title 28, United States Code, Sections 1331 and 1338(a).

27. PBS has asserted that the '039 patent was duly and lawfully issued on May 17, 2005.

28. On information and belief, the '039 patent is invalid and void under the provisions of Title 35, United States Code, Sections 102, 103, 112, and 171 on the grounds set

forth in the Affirmative Defenses of the Answer to which this Counterclaim is appended, all of which are incorporated herein by reference.

29. Therefore, there exists a case of actual controversy between the parties as to the validity of the '039 patent with respect to which CHF requests a declaratory judgment of invalidity of the '039 patent.

FIFTH COUNTERCLAIM

30. CHF re-alleges and incorporates herein (a) its responses to the allegations of paragraphs 1-25 of PBS's Complaint and Jury Demand, (b) the affirmative defenses recited by CHF at paragraphs 26-38 of the Answer to which these Counterclaims are appended, (c) paragraphs 1-9 of the First Counterclaim set forth above, (d) paragraphs 10-17 of the Second Counterclaim set forth above, (e) paragraphs 18-23 of the Third Counterclaim set forth above, and (f) paragraphs 24-29 of the Fourth Counterclaim set forth above.

31. This Fifth Counterclaim is asserted in Civil Action No. 06 CV 869 (LMM) against PBS by CHF and arises under the Declaratory Judgment Act, Title 28, United States Code, Sections 2201(a) and 2202, under Title 28, United States Code, Sections 1331 and 1338(a), and under Title 35, United Stated Code, Section 285. There is a case of actual controversy as to whether PBS has litigated Civil Action No. 06 CV 869 (LMM) in bad faith, on the grounds set forth in paragraphs 33-35 hereinbelow.

32. This Court has subject matter jurisdiction over this counterclaim pursuant to the Declaratory Judgment Act, Title 28, United Stated Code, Sections 2201(a) and 2202 and Title 28, United States Code, Sections 1331 and 1338(a).

33. On March 13, 2006, CHF provided PBS with prior art obtained from Country Curtains. The Country Curtains prior art discloses pole top roman shade designs that anticipate

or render obvious the designs claimed in the '651 and '039 patents, and that disclose each of the points of novelty of the designs claimed in the '651 and '039 patents, such that there is no infringement of the '651 and '039 patents by the accused Pole-Top Roman Shades.

34. Nonetheless, PBS has persisted in pursuing its claims against CHF, without any good faith basis, vexatiously subjecting CHF to the considerable expense and inconvenience of defending itself against PBS's baseless assertion of the '651 and '039 patents.

35. PBS's continued assertion of its claims against CHF after receipt of the Country Curtains prior art constitutes vexatious, bad faith litigation and, based on all of the foregoing, CHF requests a declaratory judgment in its favor that this is an exceptional case under Title 35, United States Code, Section 285.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaim Plaintiff CHF Industries requests judgment be entered as to Plaintiff Park B. Smith's Complaint and Jury Demand, and Defendant/Counterclaim Plaintiff CHF Industries' Counterclaims, as follows:

1. For a judgment in CHF's favor (a) denying in its entirety the relief sought in the Prayer for Relief set forth in the Complaint and Jury Demand; (b) declaring that PBS takes nothing by its suit in this action; and (c) dismissing PBS's Complaint and Jury Demand in this action with prejudice.

2. For a judgment in CHF's favor declaring that: (a) U.S. Design Patent No. D493,651 is not infringed by the making, using, selling, or offering for sale, in the United States, or the importing into the United States, of any CHF product identified as a "Pole-Top Roman Shade;" (b) U.S. Design Patent No. D505,039 is not infringed by the making, using, selling, or offering for sale, in the United States, or the importing into the United States, of any CHF

product identified as a "Pole-Top Roman Shade;" (c) U.S. Design Patent No. D493,651 is invalid and void in law; (d) U.S. Design Patent No. D505,039 is invalid and void in law; and (e) after March 13, 2006, on which date CHF provided PBS with prior art obtained from Country Curtains, this case was improvidently and vexatiously pursued by PBS without any reasonable basis in law and fact, and is therefore an exceptional case under 35 U.S.C. § 285.

3. For an award from PBS to CHF, in an amount to be determined, of reasonable attorneys' fees and costs.

4. For such other and further relief as the Court may deem just and appropriate.

DEMAND FOR JURY TRIAL

Defendant CHF respectfully demands a trial by jury of any and all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: March 24, 2006
New York, New York

CONNOLLY BOVE LODGE & HUTZ LLP

By: ______________________

Stephen L. Sulzer (SS1234)
James P. Calve (JC1980)
1990 M Street, N.W., Suite 800
Washington, D.C. 20036
(202) 331-7111

KING & SPALDING LLP
A. Joy Arnold (AA4119)
1185 Avenue of the Americas
New York, New York 10036
(212) 556-2312

*Attorneys for Defendant*
*CHF Industries, Inc.*