```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
                                   :
PARK B. SMITH, INC.,               :
                                   :
              Plaintiff,           :
                                   :  06 Civ. 869(LMM)(JCF)
v.                                 :  MEMORANDUM AND ORDER
                                   :
CHF INDUSTRIES, INC.,              :
                                   :
              Defendant.           :
                                   :
- - - - - - - - - - - - - - - - - X
```

McKENNA, D.J.

Plaintiff Park B. Smith, Inc. ("PBS" or "Plaintiff") brought the present action, alleging infringement by Defendant CHF Industries, Inc. ("CHF" or "Defendant") of two design patents, U.S. Patent Nos. Des. 493,651 ("the '651 patent") and Des. 505,039 ("the '039 patent") (collectively "the patents-in-suit").  Defendant CHF here moves for summary judgment of noninfringement of the '651 and '039 patents and for summary judgment of invalidity of the '651 patent due to indefiniteness.  Plaintiff PBS cross-moves for partial summary judgment of infringement of the '651 patent.

## I. BACKGROUND

### a. Procedural Background

Plaintiff PBS filed a complaint in this court on February 3, 2006, alleging that CHF was infringing the '039 and '651 patents, owned by PBS, in CHF's "Pole-Top Roman Shade" design. (Complaint and Jury Demand of Plaintiff Park B. Smith, Inc., dated February 3, 2006, Exhibit 1 to Defendant CHF's Memorandum in Support of its Motion for Summary Judgment of Noninfringement ("Def.'s SJ Brief").) On March 24, 2006, Defendant CHF filed its Answer and Counterclaims, denying infringement of the patents-in-suit and asserting various affirmative defenses. (Def.'s SJ Brief p. 2.) CHF additionally asserted counterclaims seeking a declaratory judgment of noninfringement and invalidity of the patents. PBS filed its reply to CHF's counterclaims on April 13, 2006, and the Court confirmed November 30, 2006 as the deadline for completion of all fact and expert discovery. (Id. at 3.)

CHF filed its motion for summary judgment on May 1, 2006, and PBS filed its cross-motion for partial summary judgment of infringement on June 30, 2006. On November 27, 2006, the magistrate judge stayed discovery pending a ruling by this Court on the summary judgment motions.

**b. Factual Background**

Park B. Smith is an individual and the name of a family-run company with its principal place of business and showroom in Manhattan. (Declaration of Park B. Smith ("Smith Decl.") ¶ 6.) According to Smith's declaration, Park B. Smith's business involves the design, manufacture and sale of quality hand and machine woven products in the Home Fashions Industry, and is a leading resource for select window treatments. (Smith Decl. ¶¶ 8, 10.)

### 1. The '651 and '039 Patents

Park B. Smith is the owner by assignment of the '651 patent. (Plaintiff's Statement Pursuant to Local Rule 56.1 ("Pl.'s 56.1 Stmt.") ¶ 2.) The '651 patent includes a single claim, for "[t]he ornamental design for a window shade, as shown and described." (Id. at ¶¶ 11-12.) The single claim for the '651 patent is also shown in ten drawings. (Id. at ¶ 13.) The effective filing date of the '651 patent is November 21, 2003. (Id. at ¶ 19.)

Park B. Smith is also the owner by assignment of the '039 patent. (Plaintiff's Statement Pursuant to Local Rule 56.1 ("Pl.'s 56.1 Stmt.") ¶ 4.) The '039 patent includes a single claim, for "[t]he ornamental design for a raisable panel, as shown and described," shown in ten drawings. (Defendant CHF Industries, Inc.'s Statement Pursuant to

Local Rule 56.1 ("Def.'s 56.1 Stmt.") ¶¶ 1-3.)  The effective filing date of the '039 patent is November 21, 2003.  (Id. at ¶ 9.)  The '039 patent lists Park B. Smith and Linda Johnson as the inventors.  (Id. at ¶ 10.)

The descriptions of both the '039 and '651 patents include a statement indicating that features shown in broken lines are "for illustrative purposes only" and form "no part of the claimed invention."  (Id. at ¶¶ 6, 16.)

Park B. Smith describes the novelty in the '651 patent drawings as "the combination of elements in the drawings which is not found in prior window treatment designs (i.e., the sixty patents and other publications considered by the U.S. Patent and Trademark Office during examination of the '651 Patent...)."  (Memorandum of Law in Support of Plaintiff's Cross-Motion for Summary Judgment ("Pl.'s S.J. Brief") pp. 10-11.)  Plaintiff provides the following description of this combination of elements:

> That novel combination includes, but is not limited to: (i) a single continuous pocket along the entire top of the shade, which is open and rounded at the top, and which tapers to a narrow bottom; (ii) uniform bottom folds, which have open and rounded bottoms, and which taper towards the top, keeping their open and tapered appearance as the shade is raised, and creating a cascading effect, upwards from rear to front; (iii) a cascading effect of the folds fully shown from the side view; (iv) a stacked and compact presentation of folds

4

> when viewed from the front and rear; (v) a
> repeat of the visual effect of the shape of
> the top pocket in the bottom folds; and a
> flat presentation of the unfolded portion of
> the shade when viewed from the front and
> rear.

(Id. at p. 11.)

In 2002, Linda Johnson Smith and Park B. Smith created a design for a window shade, which was given the model name "Magic Blind." (Pl.'s 56.1 Stmt. ¶ 1.) According to Park B. Smith, the Magic Blind is the commercial embodiment of the design protected by the '651 patent, though this contention is disputed by Defendant CHF. (Pl.'s 56.1 Stmt. ¶ 3; Defendant's Response to Plaintiff's 56.1 Statement ("Def.'s 56.1 Resp.") ¶ 3.)

### 2. CHF's "Pole-Top Roman Shade"

Defendant CHF has sold and continues to sell a window shade known as the "Pole-Top Roman Shade." (Pl.'s 56.1 Stmt. ¶ 5.) Plaintiff PBS claims that it became aware in early 2006 of the existence of CHF's Pole-Top Roman Shade, which was available in retail stores such as Bed Bath & Beyond, and which Plaintiff believed was a copy of its Magic Blind design.

5

## II. DISCUSSION

### a. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "A dispute is not 'genuine' unless 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Nabisco, Inc. v. Warner-Lambert Co., 220 F.3d 43, 45 (2d Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "A fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law.'" Overton v. N.Y. State Div. of Military & Naval Affairs, 373 F.3d 83, 89 (2d Cir. 2004) (quoting Anderson, 477 U.S. at 248).

In weighing a motion for summary judgment, ambiguities or inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the summary judgment motion. See Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990). However, "the non-moving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co.,

6

Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56) (emphasis and internal quotations omitted).  "[C]onclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment."  Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996) (citations omitted).

Design patent infringement is a question of fact which the patentee must prove by a preponderance of the evidence.  See, e.g., L.A. Gear, Inc. v. Thom McAn Shoe Co., 988 F.2d 1117, 1124 (Fed. Cir. 1993).  In a patent case, summary judgment is appropriate when a patent owner cannot meet an essential part of the legal standard for infringement.  See, e.g., TechSearch, L.L.C. v. Intel Corp., 286 F.3d 1360, 1369 (Fed. Cir. 2002) (citing London v. Carson Pirie Scott & Co., 946 F.2d 1534, 1537 (Fed. Cir. 1991)).

### b. Infringement of the '651 and '039 Patents

Defendant CHF moves for summary judgment of noninfringement of the '651 and '039 patents, and Plaintiff PBS moves for summary judgment of infringement of the '651 patent.

A court engages in a two-part process to determine whether a design patent has been infringed.  First, a court must interpret the design patent claim.  See Elmer v. ICC Fabricating, Inc., 67 F.3d 1571, 1577 (Fed. Cir. 1995).

7

After interpreting the claim, a court must apply the ordinary observer and point of novelty tests to determine whether the claim has been infringed.  See Contessa Food Prod., Inc. v. Conagra, Inc., 282 F.3d 1370, 1377 (Fed. Cir. 2002).

### 1. Claim Construction

As stated in the patent, the '651 patent claim is for "[t]he ornamental design for a window shade, as shown and described."  ('651 Patent, Exhibit H to Plaintiff's Cross Motion for Summary Judgment of Infringement ("the '651 patent document").)  The '651 patent claim, in light of this specification, the claim drawings, the prosecution history, and the prior art, describes a raisable panel without specified ornamentation; a back also without specified ornamentation; folds that stack and cascade slightly upwards at the bottom of the shade when the shade is raised; and a continuous rod pocket or sleeve formed at the top of the shade for suspending the shade from a rod or pole.

The '039 patent claim describes a design essentially identical to that described in the '651 patent claim, but without the continuous rod pocket along the top of the panel.  ('039 patent, Exhibit I to Plaintiff's Cross Motion for Summary Judgment of Infringement ("the '039 patent

8

document").)  The '039 patent therefore describes a raisable panel without specified ornamentation; a back also without specified ornamentation; and folds that stack and cascade slightly upwards at the bottom of the shade when the shade is raised.  (Id.)

### 2. Substantial Similarity or Ordinary Observer Test

A determination of infringement of a design patent requires the application of two tests, both of which must be satisfied:  (1) the "substantial similarity" test (also known as the "ordinary observer" test); and (2) the "point of novelty" test.  Lawman Armor Corp. v. Winner Int'l, LLC, 437 F.3d 1383, 1384 (Fed. Cir. Feb. 22, 2006).  To find infringement, a court must both compare "two items through the eyes of the ordinary observer" and "attribute their similarity to the novelty which distinguishes the patented device from the prior art."  Litton Sys. v. Whirlpool, 728 F.2d 1423, 1444 (Fed. Cir. 1984).

The "ordinary observer" test requires comparison of the two designs from the viewpoint of the ordinary observer to "determine whether the patented design as a whole is substantially the same in appearance as the accused design."  Tropicana Prod., Inc. v. Land O' Lakes, Inc., 286

F.Supp.2d 343, 345 (D. Del. 2003) (internal citations omitted).

Judging from the photographs provided by Plaintiff (Exhibit C to Plaintiff's Cross Motion for Summary Judgment of Infringement), CHF's Pole-Top Roman Shade does appear to have a substantially similar appearance to the design claimed in the '651 patent. The two noticeable differences are the visible slats in the front and back of the blind and the weighted bar that is visible at the bottom edge of the blind. These differences do not, however, detract from the overall similarity in appearance of the '651 patent design and the CHF Pole-Top Roman Shade, from the perspective of an ordinary observer. The CHF shade shares with the '651 patent design the essentially plain front and back, marred only by the visible slats, which could constitute a visible functional element outside of the ornamental design; bottom folds that stack and cascade slightly upwards as the blind is raised; and a continuous rod pocket along the top of the shade.

Defendant's design also evinces a strong similarity with the '039 patent design, which contains identical elements to the '651 shade but without the specification for the rod pocket along the top of the shade.

10

The overall similarity of the CHF product and the '651 and '039 patent designs demonstrates the existence of an issue of material fact that would preclude summary judgment of noninfringement on the basis of the substantial similarity (or ordinary observer) test.

### 3. Point of Novelty Test

However, in addition to demonstrating an overall similarity in design between the accused design and the patented design, Plaintiff must also show that CHF's product appropriates the point of novelty in Plaintiff's '651 patent in order to show infringement.  As discussed above, Plaintiff asserts that the point of novelty shown in the '651 patent is a combination of features, including: the continuous rod pocket along the top of the shade; uniform bottom folds with a tapered appearance and a cascading effect when stacked; the cascading, compact, and stacked presentation of folds viewed from the front and rear; and a repeat of the visual effect of the top pocket in the bottom folds.  (Supra pp. 4-5.)  Defendant asserts that this combination of features constitutes the "overall appearance" of the '651 patent, a contention that it supports convincingly in Exhibit 11 of the Supplemental Declaration of Ori Katzin, in which each aspect of the '651 patent claim drawings is correlated with one of the

11

characteristics that Plaintiff claims as part of the '651 patent's point of novelty.  Defendant demonstrates in Exhibit 11 that when all of Plaintiff's claimed characteristics are eliminated, nothing remains; the combination of characteristics that Plaintiff claims as the '651 patent's point of novelty therefore comprises the "overall appearance" of the design.

With respect to the '039 patent, the Plaintiff has similarly asserted that it is the "combination of elements contained in the '039 Patent drawings" that constitutes the design's point of novelty.  (Pl.'s SJ Brief p. 19, ¶ 3.) Thus, Plaintiff PBS clearly asserts that it is the combination of design elements constituting the overall appearance of the '039 patent design that it claims as the design's point of novelty.

The Federal Circuit in Lawman Armor held that summary judgment of noninfringement is appropriate, notwithstanding the existence of factual issues under the ordinary observer test, if the claimed design has no legally cognizable points of novelty.  437 F.3d at 1385.  In reaching the holding, and in subsequent clarifying opinion, the Lawman Armor Court found that a combination of features, where each individual feature is found in the prior art, may not constitute a point of novelty where the combination of

12

features constitutes the overall appearance of a design. See Lawman Armor, 437 F.3d at 1386; Lawman Armor Corp. v. Winner Int'l, 449 F.3d 1190 (Fed. Cir. May 31, 2006).

Plaintiff cites numerous Federal Circuit opinions preceding Lawman Armor, including Sun Hill Industries v. Easter Unlimited, 48 F.3d 1193 (Fed. Cir. 1995), L.A. Gear, 988 F.2d 1117, and Litton Systems, 728 F.2d 1423, in support of the conclusion, affirmed by the clarifying opinion in Lawman Armor, 449 F.3d at 1190, that a combination of features may constitute a point of novelty in certain circumstances.  None of the cases cited by Plaintiff contradicts Lawman Armor's holding, as clarified by the court's supplemental opinion, 449 F.3d 1190, that a combination of features may not be asserted as a point of novelty where the combination of features asserted constitutes the overall appearance of the design.

In view of the Lawman Armor holding, Plaintiff's assertion of a combination of features comprising the overall appearance of the '651 and '039 patent designs as the designs' sole points of novelty fails to present legally cognizable points of novelty for the two designs. Plaintiff therefore fails to satisfy the two-part test for design patent infringement with respect to the '651 and

'039 patents, and Defendant's motion for summary judgment of noninfringement of the '651 and '039 patents is GRANTED.

### ii. Invalidity for Indefiniteness of the '651 Patent

Defendant additionally claims that Plaintiff's '651 patent is invalid due to indefiniteness of the claimed design. While the issue need not be resolved in view of the conclusion reached in part II.b.3. of this Memorandum and Order, supra, the Court considers it for the sake of completeness.

Defendant claims that the '651 patent is impermissibly indefinite due to: (1) the presence of an ornamental horizontal line at the top of the design's front panel in two of the '651 patent's ten drawings but not in the others; and (2) the absence of clarity in the drawings regarding the dimensions of the rod pocket and the ratio between the height of the rod pocket and the height of the stacked folds at the bottom of the shade. (Def.'s SJ Brief pp. 5-6.)

A patent is presumed valid, and the burden of establishing invalidity as to any claim of a patent rests upon the party asserting invalidity. 35 U.S.C. § 282, ¶ 1. This presumption of invalidity may only be overcome by

clear and convincing evidence.  MDS Assoc. v. United States, 37 Fed. Cl. 611, 624 (Fed. Cl. 1997).

35 U.S.C. § 112, ¶ 2 lays out the requirements for claim precision, stating that "[t]he specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."  With respect to a design patent, "[i]t is the drawings in the patent, not just one feature of the claimed design, that define the patented design."  Amini Innovation Corp. v. Anthony California, Inc., 439 F.3d 1365, 1371 (Fed. Cir. 2006).

The statutory criteria for definiteness of a patent are satisfied if a person skilled in the field of the invention would reasonably understand the claim when read in the light of the specification.  Marley Mouldings v. Mikron Indus., 417 F.3d 1356, 1359 (Fed. Cir. 2005).  As Plaintiff and Defendant both note in their briefs, "[a] claim is not indefinite merely because it poses a difficult issue of claim construction, or merely because reasonable minds may disagree over the correct construction, provided that the meaning of the claim is discernable."  Def.'s SJ Brief at 23 (citing Bancorp Serv. V. Hartford Life Ins. Co., 359 F.3d 1367, 1371 (Fed. Cir. 2004); Exxon Research

15

and Eng'g Co. v. United States, 265 F.3d 1371, 1375 (Fed. Cir. 2001)).

Defendant argues that the horizontal line near the top of the panel in Figures 5 and 8 of the '651 patent, but absent from other eight drawings, renders the '651 patent hopelessly ambiguous and therefore invalid for indefiniteness. According to the Manual of Patent Examining Procedure § 1503.02, relied on by Plaintiff and Plaintiff's expert, "when inconsistencies are found among the views, the examiner should object to the drawings and request that the views be made consistent" and the "when the inconsistencies are of such magnitude that the overall appearance is unclear, the claim should be rejected under 35 U.S.C. § 112 as nonenabling and indefinite." Manual of Patent Examining Procedure, U.S. Patent & Trademark Office (2007), available at http://www.uspto.gov/web/offices/pac/mpep/index.html.

Though the Court disagrees with Plaintiff's contention that the fact that the patent examiner failed to see material inconsistencies in the patent should be taken as conclusive proof that the patent is valid, the presence of the extraneous horizontal line in two of the ten drawings does not appear to constitute an inconsistency "of such magnitude that the overall appearance" of the design is

16

unclear.  Id.  The horizontal line in question appears simply to be extraneous, and is not a sufficiently serious inconsistency to prevent an ordinary observer, much less a trained designer, from understanding the intended overall design.

Defendant's argument that the absence of definite measurements or proportions for the rod pocket renders the '651 patent impermissibly indefinite also fails.  "[I]t is well established that patent drawings do not define the precise proportions of the elements and may not be relied on to show particular sizes if the specification is completely silent on the issue."  Hockerson-Halberstadt, Inc. v. Avia Group Int'l, Inc., 222 F.3d 951, 956 (Fed. Cir. 2000).  The absence of clear measurements or proportions therefore cannot be grounds on which to find that a patent claim is impermissibly vague.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment of noninfringement of the '651 and '039 patents is GRANTED and Defendant's motion for summary judgment of invalidity of the '651 patent is DENIED. Plaintiff's motion for partial summary judgment of infringement is DENIED.

The Clerk is directed to enter judgment in favor of Defendant dismissing the complaint.

SO ORDERED.

Dated: March 6, 2008

                                      Lawrence M. McKenna
                                             U.S.D.J.